Wang v. Garland

BIA
Vomacka, IJ
A077 945 274

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

TAN YUN WANG,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent*.

16-3422 (L),
19-3655 (Con)
NAC

---

FOR PETITIONER:     John Son Yong, New York, N.Y.

FOR RESPONDENT:     Jeffrey Bossert Clark, Acting
                    Assistant Attorney General; Song

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Park, Acting Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these consolidated petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the lead petition is DENIED and the consolidated petition is GRANTED.

Tan Yun Wang, a native and citizen of the People's Republic of China, seeks review of both a September 21, 2016, decision of the BIA affirming an August 3, 2015, decision of an Immigration Judge ("IJ") denying Wang's motion to rescind an in absentia removal order and reopen removal proceedings, and an October 28, 2019, BIA decision denying Wang's subsequent motion to reopen. *In re Tan Yun Wang,* No. A 077 945 274 (B.I.A. Sept. 21, 2016), *aff'g* A077 945 274 (Immig. Ct. N.Y. City Aug. 3, 2015); *In re Tan Yun Wang*, No. A077 945 274 (B.I.A. Oct. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

2

## I. Lead Case: Motion to Rescind and Reopen

We have reviewed both the IJ's and BIA's decisions denying the motion to rescind and reopen. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). When the agency orders an alien removed in absentia, a motion to reopen is governed by different rules depending on whether the movant seeks reopening to rescind the order or to present new evidence of eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (B.I.A. 1998). Wang sought to both rescind his in absentia removal order for lack of notice and to reopen proceedings to apply for asylum based on his conversion to Catholicism. We thus treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). As set forth the below, we find no abuse of discretion in the agency's denial of either relief. *See Alrefae*, 471 F.3d at 357 (reviewing motion to rescind under same abuse of discretion standard applicable to motion to reopen); *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (reviewing country conditions determination for substantial evidence).

**A. Motion to Rescind**

There are two grounds to rescind an in absentia removal order: (1) lack of notice of the hearing, and (2) exceptional circumstances for failure to appear if rescission is requested within 180 days. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Wang relies on both grounds, asserting that he did not have notice of his hearing and that ineffective assistance of counsel was an exceptional circumstance excusing his failure to appear. The agency did not abuse its discretion in finding that Wang had notice of his December 2000 hearing because the record reflects that, after an initial mailing to a wrong address, the immigration court mailed a hearing notice to the address that Wang gave in his bond proceedings. The notice to appear warned Wang that he could be removed in absentia if he did not appear at his hearing and instructed him to inform the immigration court of any address change. Accordingly, absent evidence that he informed the immigration court of his address in Vermont where he allegedly moved upon his release from detention, the BIA did not abuse its discretion in declining to rescind the removal order based on lack of notice. *See Maghradze*, 462 F.3d at 154 (upholding BIA's determination "that aliens who

4

fail to provide a written update of a change of address are deemed to have constructively received notice").

Second, absent lack of notice, Wang was required to show that his failure to appear resulted from exceptional circumstances and file his motion to rescind within 180 days of his in absentia order. *See* 8 U.S.C. § 1229a(b)(5)(C); *Song Jin Wu*, 436 F.3d at 162. The agency did not abuse its discretion in declining to rescind on this basis because Wang moved to rescind more than 13 years after he was removed in absentia in December 2000, and did not show that he merited equitable tolling based on ineffective assistance of counsel. To receive equitable tolling, an alien must demonstrate that he diligently pursued his ineffective assistance claim during the entire period he seeks to toll. *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000). Wang conceded that he knew he had reason to question the quality of his attorney's representation as early as September 2000, and knew as early as 2001 that he had been ordered removed in absentia; but he did not move to reopen until March 2014. He argues that his seeking of advice from various law firms during this period demonstrates due diligence, but, as the IJ found, he presented

5

no corroboration. His affidavit indicates that he did not pursue reopening because those attorneys told him he was likely not eligible for relief from removal. Accordingly, the agency did not err in finding that Wang failed to act with due diligence in seeking reopening. *See Iavorski*, 232 F.3d at 134 (petitioner who waited two years after adverse BIA decision did not exercise due diligence); *Rashid*, 533 F.3d at 132–33 (alien who waited 18 months did not demonstrate due diligence); *see also Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (recognizing that no period is unreasonable per se, but citing several cases where "petitioner who wait[ed] two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence").

B. **Motion to Reopen for Asylum**

Wang also moved to reopen to apply for asylum based on his 2012 conversion to Catholicism and the Chinese authorities' alleged December 2013 discovery of religious materials that he sent to his sister in China. This motion was untimely because it was filed more than 90 days after the removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). The 90-day time limit does not apply if reopening is sought to apply for asylum and the motion is

6

"based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). The agency did not abuse its discretion in declining to reopen on this basis. Wang's conversion to Catholicism is a change in personal circumstances that does not excuse the time limitation on his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2006) (making clear that the limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

In addition, Wang did not otherwise show a change in conditions in China. Even assuming that the Chinese authorities' alleged discovery of religious materials could constitute a change in conditions in China, the IJ rejected that claim as not credible and uncorroborated and Wang did not challenge those findings on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.

7

2006) (holding that petitioner generally is required to raise all issues before the BIA).  Were we to reach the issue, we would find no error in the IJ's decision not to credit Wang's sister's affidavit and an unauthenticated village committee notice.  *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that we generally defer to agency's weighing of evidence and upholding BIA's refusal to credit letter from applicant's spouse that Chinese authorities had discovered his political activities in the United States).

To the extent that Wang argued that conditions have worsened for Catholics in China, he discussed events in 2013 and did not make the necessary comparison to conditions before his 2000 removal order.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  Moreover, the country conditions evidence—a 2012 U.S. State Department report—supports the agency's conclusion that there was continued religious repression, not a material worsening of conditions.

8

## II.  Consolidated Case

In his second motion to reopen, Wang argued that his notice to appear ("NTA") was defective because it did not provide the date and time of his hearing and thus did not stop his accrual of presence for cancellation of removal and did not vest jurisdiction with the IJ.  We grant this petition and remand to the BIA. While Wang's jurisdictional argument lacks merit, the BIA should reconsider whether to reopen for Wang to apply for cancellation of removal.

A nonpermanent resident, like Wang, may have his removal cancelled if, among other requirements, he can show 10 years of continuous presence in the United States.  8 U.S.C. § 1229b(b)(1)(A).  In *Pereira v. Sessions*, the Supreme Court held that an NTA must include a hearing time and place to trigger the stop-time rule, which cuts off a noncitizen's accrual of physical presence or residence for purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). In rejecting Wang's motion, the BIA reasoned that the subsequent hearing notice provided the missing information and stopped the accrual of presence.  The Supreme Court has since rejected the BIA's position, holding that an NTA that does not contain a hearing date and time as

9

required by *Pereira* is not cured for purposes of the stop-time rule by a subsequent notice of hearing that provides the missing information. *See Niz-Chavez v. Garland*, 141 S.Ct. 1474, 1479, 1481-82 (2021) (requiring the Government to issue a single NTA containing all statutorily required information rather than providing the information in separate documents). Accordingly, we remand on this basis because the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

Wang's additional argument that the NTA was inadequate to vest jurisdiction in the immigration court is foreclosed by *Banegas Gomez v. Barr*, which held that that *Pereira* does not "void jurisdiction in cases in which an NTA omits a hearing time or place." 922 F.3d 101, 110 (2d Cir. 2019) (emphasis omitted). In contrast to the statute governing the stop-time rule, the regulation vesting jurisdiction does not require an NTA to specify the time and date of the initial hearing, "so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112 (quotation marks omitted). The Supreme Court's ruling in *Niz-Chavez* does not alter this conclusion.

10

For the foregoing reasons, the lead petition for review is DENIED and the consolidated petition is GRANTED, the October 28, 2019, BIA decision is VACATED, and the case is REMANDED for reconsideration of Wang's motion to reopen to apply for cancellation of removal.

<div style="margin-left: 40%;">
FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
</div>